UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-CV-60474-LEIBOWITZ/AUGUSTIN-BIRCH

**MIGUEL ANGEL LEON,** *et al.***,**

    **Plaintiffs,**

v.

**GRASS ROOTS COMPLETE LLC,** *et al.***,**

    **Defendants.**
_____/

## ORDER DENYING WITHOUT PREJUDICE
## PLAINTIFFS' MOTION FOR DISCOVERY HEARING

This matter comes before the Court on Plaintiffs Miguel Angel Leon, Eddie Leonard Simmons, Sammie Lee Smith, and Vern Allen Roper's Motion for Discovery Hearing. DE 43. In the Motion, Plaintiffs assert that Defendants Grass Roots Complete LLC and Daniel Goldstein served responses to Plaintiffs' discovery requests that are "evasive and grossly insufficient non-responses." *Id.* at 1. Plaintiffs further assert that, when their counsel attempted to confer with Defendants' counsel about the insufficient discovery responses, Defendants' counsel refused to confer, stating that Defendants' counsel were attempting to withdraw from their representation of Defendants. *Id.* at 2. Plaintiffs request that "the Court conduct a discovery hearing, compel Defendants' full and proper discovery responses, and award Plaintiffs' reasonable attorney's fees and costs." *Id.* at 3. The Court scheduled a hearing on the Motion to take place on October 29, 2024, at 1:00 p.m. DE 44. Defendants' response to the Motion was due by October 3, 2024, and they did not file a response.

Prior to Plaintiffs filing the Motion, Defendants' counsel moved to withdraw from their representation of Defendants. DE 40. The Honorable David S. Leibowitz, United States District

Judge, subsequently granted withdrawal.  DE 48.  Judge Leibowitz stated that, because Defendant Grass Roots Complete LLC cannot appear *pro se*, it "shall find new counsel no later than November 4, 2024, or be subject to a possible default."  *Id.* at 1 (emphasis omitted); *see Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) (explaining that artificial entities "can act only through agents, cannot appear *pro se*, and must be represented by counsel").

For the following reasons, the Court denies without prejudice Plaintiffs' Motion for Discovery Hearing.  First, the Motion is facially inadequate to show that any of Defendants' discovery responses are insufficient.  The Motion includes only a single, conclusory assertion about the insufficiency of Defendants' discovery responses—that they are "evasive and grossly insufficient non-responses"—without any explanation as to which responses are insufficient and why and without any supporting authority.  *See* DE 43 at 1.  Arguments that are raised in a perfunctory manner, undeveloped, and unsupported with citation to legal authority are deemed waived.  *Atmos Nation, LLC v. BNB Enter., LLC*, No. 16-62083-CIV, 2017 WL 3763949, at *2 (S.D. Fla. Apr. 24, 2017) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.  It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones." (quotation marks omitted)).

Second, Defendants served their discovery responses before the referral of discovery matters to this Court and before it entered its Order Setting Discovery Procedures.  *See* DE 41; DE 42.  However, the Order Setting Discovery Procedures now applies to all discovery in this case.  The Court conducted a preliminary review of Defendants' discovery responses and found various responses and objections that violate the Order Setting Discovery Procedures.  For example, Defendants raised boilerplate vagueness and burdensomeness objections without specifically explaining how the requests are vague and unduly burdensome.  *E.g.,* DE 43-2 at 8,

10; *see* DE 42 at 5 ("Objections stating that a discovery request is 'vague, overly broad, or unduly burdensome' are, standing alone, meaningless and will be found meritless by this Court. A party objecting on these grounds shall specifically explain the particular way in which the request is vague, overly broad, or unduly burdensome."). Defendants must amend their discovery responses to comply with the Order Setting Discovery Procedures.

Third, currently Defendant Grass Roots Complete LLC is unrepresented and cannot participate in this case. Defendant Grass Roots Complete LLC has a deadline of November 4 (after the scheduled hearing on Plaintiffs' Motion) to obtain counsel.

Accordingly, Plaintiffs' Motion for Discovery Hearing [DE 43] is **DENIED WITHOUT PREJUDICE**. The hearing scheduled for October 29, 2024, at 1:00 p.m. is **CANCELED**. The parties must confer regarding Defendants' discovery responses by **November 12, 2024**. The conferral must be either in person, via telephone, or via video teleconference. Emails, voice messages, and any other method of communication are insufficient. Defendant Daniel Goldstein must personally participate in the conferral if he is proceeding *pro se* at that time. Unless the parties reach an alternative, mutual agreement, Defendants must serve amended discovery responses by **November 19, 2024**.

The parties must fully comply with the Order Setting Discovery Procedures. DE 42. The Court may summarily overrule discovery objections that violate the Order Setting Discovery Procedures. If the parties bring discovery disputes or any other disputes before the Court in the future, the Court may summarily reject conclusory, undeveloped, or unsupported arguments.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 11th day of October, 2024.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE