**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:24-CV-60474-LEIBOWITZ/AUGUSTIN-BIRCH**

**MIGUEL ANGEL LEON,** *et al.*,

    Plaintiffs,

v.

**GRASS ROOTS COMPLETE LLC,** *et al.*,

    Defendants.

_____/

**ORDER DENYING PLAINTIFFS' MOTION FOR DISCOVERY
HEARING, CANCELING MARCH 6 DISCOVERY HEARING,
GRANTING IN PART AND DENYING IN PART PLAINTIFFS'
MOTION FOR SANCTIONS, SCHEDULING DEFENDANT DANIEL
GOLDSTEIN'S DEPOSITION, STRIKING DEFENDANTS' NOTICE OF
TAKING VIDEOTAPED DEPOSITIONS OF PLAINTIFFS, AND DENYING
PLAINTIFFS' RULE 26(c) EMERGENCY MOTION FOR PROTECTIVE ORDER**

This matter comes before the Court on Plaintiffs Miguel Angel Leon, Eddie Leonard Simmons, Sammie Lee Smith, and Vern Allen Roper's Motion for Discovery Hearing [DE 78] and Motion for Sanctions [DE 81]. Defendants Grass Roots Complete LLC and Daniel Goldstein's deadline to respond to both Motions was February 21, 2025. The Court set that responsive deadline during a hearing on February 11, 2025, at which Defendants' counsel was in attendance. *See* DE 76. In fact, the Court set the responsive deadline at Defendants' counsel's request. The Court reiterated the responsive deadline in a written Order following the hearing. DE 79 at 3–4. Defendants did not respond to either Motion by February 21, defaulting on the Motions and forfeiting a response. The Court therefore rules on the Motions without the benefit of responses. Plaintiffs' Motion for Discovery Hearing [DE 78] is **DENIED**, and their Motion for Sanctions [DE 81] is **GRANTED IN PART AND DENIED IN PART**. The discovery hearing scheduled for March 6, 2025, at 2:00 p.m. is **CANCELED**.

This matter also comes before the Court on Plaintiffs' *Ex Parte* Notice of Deposition of Defendant Daniel Goldstein and Daniel Goldstein as 30(b)(6) Corporate Representative of Grass Roots Complete LLC [DE 85], Defendants' Notice of Taking Videotaped Depositions of Plaintiffs [DE 86], and Plaintiffs' Rule 26(c) Emergency Motion for Protective Order [DE 87]. The deposition of Daniel Goldstein and Daniel Goldstein as the 30(b)(6) corporate representative of Grass Roots Complete LLC is scheduled for **March 11, 2025, at 10:00 a.m.**, to take place in person at Koz Law, P.A., 800 East Cypress Creek Road, Fourth Floor Conference Room, Fort Lauderdale, FL 33334. **This deposition may not be canceled or continued absent Court Order.** Defendants' Notice of Taking Videotaped Depositions of Plaintiffs [DE 86] is **STRICKEN**, and Plaintiffs' Rule 26(c) Emergency Motion for Protective Order [DE 87] is **DENIED**.

## I.     Plaintiffs' Motion for Discovery Hearing

This Court held a hearing on February 11, 2025, on Plaintiffs' first Motion for Discovery Hearing. DE 65; DE 76. The hearing was due to Defendants' violation of an Order requiring them to serve amended discovery responses by December 16, 2024. *See* DE 60. Defendants did not serve amended discovery responses until February 6 through 10, 2025. DE 70 to DE 75.

During the February 11 hearing, Plaintiffs asserted that the amended discovery responses they had just received were defective. The Court adjourned the hearing to give the parties' counsel time to confer about the purported deficiencies. Upon resuming the hearing, the parties stated that they had reached agreement on several issues. The Court made that agreement a matter of Court Order, requiring Defendants to amend their discovery responses again by February 21. DE 79 at 2. As for any issues on which the parties could not agree, the Court ordered Plaintiffs to brief all outstanding disputes related to written discovery in a single discovery motion. *Id.* The Court set a hearing on the forthcoming discovery motion for March 6 at 2:00 p.m. *Id.* at 3.

The instant Motion for Discovery Hearing is that anticipated discovery motion.[1]  DE 78. But the Motion does not brief any outstanding discovery disputes.  The only relief that the Motion seeks is for the Court to hold the March 6 hearing "to evaluate the Defendants' compliance with the [prior] Order."  *Id.* at 1, 3; *see* Fed. R. Civ. P. 7(b)(1)(C) (requiring a motion to "state the relief sought").

If Plaintiffs believe that Defendants have not complied with the Court's prior Order, they may file a motion for sanctions.  *See* Fed. R. Civ. P. 37(b) (providing sanctions for failure to comply with a discovery order).  Such a motion must be briefed under the timeline and page limitations articulated in the Order Setting Discovery Procedures.  *See* DE 42 at 3.  For all further sanctions motions in this case, the Court alleviates the parties of the requirement to schedule a hearing before filing a sanctions motion.  The Court will review the briefing on a sanctions motion to evaluate the need for a hearing.  The parties must continue to schedule a hearing before filing any other discovery motion.

As Plaintiffs' Motion for Discovery Hearing does not seek any relief that is not more appropriately addressed through a sanctions motion, the Motion [DE 78] is **DENIED**.  The hearing scheduled for March 6, 2025, at 2:00 p.m. is **CANCELED**.

## II.    Plaintiffs' Motion for Sanctions

Plaintiffs' Motion for Sanctions seeks two forms of sanctions.  First, Plaintiffs ask that their Second Set of Requests for Admissions be deemed admitted, given Defendants' failure to respond to those Requests.  DE 81 at 6.  Plaintiffs state that they served their Second Set of Requests for Admissions on September 4, 2024.  *Id.* at 2.  "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written

---

[1] Although Plaintiffs filed the Motion for Discovery Hearing [DE 78] before the Court entered its Order following the February 11 hearing [DE 79], the Order permitted Plaintiffs to amend their Motion as needed in light of the Order. DE 79 at 2 n.1.  Plaintiffs did not amend the Motion.

3

answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3).  Defendants have not argued that they timely responded to the Second Set of Requests for Admissions.  Their time to respond and the February 4 discovery deadline have passed.  Plaintiffs' first request for sanctions is **GRANTED**.  Plaintiffs' Second Set of Requests for Admissions are deemed admitted.

Second, Plaintiffs seek $12,648.97 in fees and costs.  The Court agrees that a sanction in the form of payment of reasonable expenses is appropriate, given Defendants' violation of an Order requiring them to serve amended discovery responses by December 16, 2024.  *See* DE 60; Fed. R. Civ. P. 37(b)(2)(C) ("[T]he court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.").  During the February 11 hearing, Defendants proffered various reasons why they and their counsel were unable to amend their discovery responses by December 16.  If Defendants could not meet the December 16 deadline, it was incumbent on them to move to extend the deadline, yet they did not do so.  Instead, Defendants delayed for nearly two more months, only amending their discovery responses after the discovery deadline, after Plaintiffs filed a Motion on the matter, and when a hearing was imminent.  This conduct justifies sanctions.

Turning to the issue of what amount in sanctions is reasonable, Plaintiffs have filed a copy of their counsel's billing statement reflecting that Attorney Elliot Kozolchyk bills at an hourly rate of $400 and that Attorney Dillon Cuthbertson bills at an hourly rate of $375. DE 81-1 at 2.  "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).

4

This Court has held that an hourly rate of $375 is reasonable for Attorney Kozolchyk and will continue to utilize that rate as his reasonable hourly rate. *See Keefe v. Britt's Bow Wow Boutique, Inc.*, No. 0:22-CV-62138, 2024 WL 1286139, at *6 (S.D. Fla. Mar. 11, 2024), *report & recommendation approved*, 2024 WL 1285203 (S.D. Fla. Mar. 26, 2024); *Santiago v. Peacock's 17, LLC*, No. 0:22-CV-62272, 2024 WL 582880, at *3 (S.D. Fla. Jan. 29, 2024), *report & recommendation approved*, 2024 WL 580358 (S.D. Fla. Feb. 13, 2024). Attorney Cuthbertson has provided no information to assist this Court in determining his reasonable hourly rate. For the purpose of ruling on the Motion for Sanctions, the Court will utilize $250 as a reasonable hourly rate for Attorney Cuthbertson. *See Hernandez v. Scottsdale Ins. Co.*, No. 21-cv-20687, 2023 WL 5939635, at *3 (S.D. Fla. Aug. 28, 2023) ("Given the Court's experience and its own review of reasonable rates in this District, the undersigned finds that a reasonable hourly rate for these junior-level associates is $250.00."), *report & recommendation adopted*, 2023 WL 5932920 (S.D. Fla. Sept. 12, 2023).

Plaintiffs seek fees for 33.3 billable hours. DE 81-1 at 2. The Court believes that it is reasonable to impose sanctions only for fees that resulted from Defendants' failure to amend their discovery responses by December 16. The Court will not compensate Plaintiffs for 7.2 hours reflected on the billing statement for work performed prior to December 16. *See id.* at 1. Further, the Court will not compensate Plaintiffs for 7.9 hours reflected on the billing statement to review Defendants' amended discovery responses between February 5 and 10. *See id.* at 1–2. Counsel would have reviewed the amended discovery responses even had Defendants timely served them.

The Court believes that the remaining 18.2 in billable hours reflected on the billing statement should be further reduced by 9.2 hours as follows to reach a total of 9.0 compensable hours:

1. The 2.9 hours that Attorney Cuthbertson billed on January 16 and 17 to research and draft Plaintiffs' Motion for Discovery Hearing in advance of the February 11 hearing are reduced to 1.0 hours. That Motion was brief, consisted mainly of procedural background, and contained only a few citations to legal authority. *See* DE 65.

2. The 0.6 hours that Attorney Cuthbertson billed on February 4 and 5 to review an Order to Show Cause and Defendants' Response are reduced to 0.2 hours. Both filings were brief. *See* DE 68; DE 69.

3. The 1.3 hours that Attorney Cuthbertson billed on February 9 to review the docket in preparation for the February 11 hearing are reduced to 0.5 hours. The docket consisted mainly of procedural entries up to that point.

4. The 0.7 hours that Attorney Cuthbertson billed on February 12 to draft a Motion for leave to file excess pages are reduced to 0.2 hours. That Motion was brief. *See* DE 77.

5. The 0.8 hours that Attorney Cuthbertson billed on February 12 to draft Plaintiffs' second Motion for Discovery Hearing [DE 78] are cut in their entirety. As explained above, that Motion is denied.

6. The 6.7 hours that Attorney Cuthbertson billed on February 13 to research and draft the Motion for Sanctions are reduced to 3.0 hours, which the Court believes is more reasonable and in keeping with the substance and length of the Motion. *See* DE 81.

7. The Court will not compensate Plaintiffs for 1.1 hours that Attorney Cuthbertson billed on January 17 and February 10 and 12 to file the Motions at docket entries 65, 77, and 78 and to print, highlight, and organize discovery responses. The Court considers these to be clerical tasks that should not be billed at attorney rates.

Of the 9.0 hours that the Court finds compensable, Attorney Kozolchyk billed 0.1 hours for which Defendants should pay reasonable sanctions of $37.5, and Attorney Cuthbertson billed

8.9 hours for which Defendants should pay reasonable sanctions of $2,225. Further, the exhibits to the Motion for Sanctions reflect that Plaintiffs incurred costs of $158.97, consisting of $152.70 to print material to use during the February 11 hearing and $6.27 to park for the February 11 hearing. DE 81-1 at 2; DE 81-2. Defendants should also pay these costs as reasonable sanctions. Accordingly, Plaintiffs' request for sanctions in the form of fees and costs is **GRANTED IN PART AND DENIED IN PART**. Plaintiffs are awarded $2,421.47 in sanctions. Of this amount, Defendant Grass Roots Complete LLC must pay $807.15, Defendant Daniel Goldstein must pay $807.15, and Attorney Bart A. Houston must pay $807.17. Defendants and counsel must make their payments to Plaintiffs' counsel **within 10 days of the date of this Order**.

### III. The Parties' Depositions

During the February 11 hearing, Plaintiffs explained that they had not yet taken Defendants' depositions, given Defendants' failure to timely amend their discovery responses. The parties stated that they believed Defendant Mr. Goldstein's deposition could be taken by March 13. The discovery deadline has passed on February 4, but the Court extended that deadline to March 13 solely for the purpose of taking Mr. Goldstein's deposition. DE 79 at 3. The Court explained that, if the parties wished to extend the discovery deadline for any other purpose, they should file a motion for such relief. *Id.* at 3 n.2. The Court ordered Mr. Goldstein's deposition to be taken by March 13 and required the parties to file a joint notice by February 21 setting forth the date, time, and location of the deposition. *Id.* at 3.

On February 21, Plaintiffs filed an *Ex Parte* Notice of Deposition of Defendant Daniel Goldstein and Daniel Goldstein as 30(b)(6) Corporate Representative of Grass Roots Complete LLC. DE 85. Plaintiffs state in the *Ex Parte* Notice that Defendants would not provide a date for the deposition. *Id.* at 1. They attach email communications reflecting that one of Defendants' attorneys "is not able to do [the deposition in] late February [or] early March." *Id.* at 5. But

7

Defendants have multiple attorneys of record, and the Court has already ordered the deposition to be taken by March 13.

In accordance with Plaintiffs' *Ex Parte* Notice of Deposition, the deposition of Daniel Goldstein and Daniel Goldstein as the 30(b)(6) corporate representative of Grass Roots Complete LLC **must** be taken on **March 11, 2025, at 10:00 a.m.**, in person at Koz Law, P.A., 800 East Cypress Creek Road, Fourth Floor Conference Room, Fort Lauderdale, FL 33334.  **The deposition may not be canceled or continued absent Court Order.**

On February 22, Defendants filed a Notice of Taking Videotaped Depositions of Plaintiffs, purporting to notice Plaintiffs' depositions scheduled for March 7 and 13.  DE 86.  This Notice is **STRICKEN**.  The discovery deadline has passed, and Defendants have not moved to extend that deadline for the purpose of taking Plaintiffs' depositions, violating this Court's prior Order. *See* DE 79 at 3 n.2.  To the extent that the Notice could be construed as a Motion to extend the discovery deadline for the purpose of taking Plaintiffs' depositions, the construed Motion is **DENIED**.  Defendants have provided no justification for failing to take Plaintiffs' depositions before the discovery deadline.  Plaintiffs' Rule 26(c) Emergency Motion for Protective Order [DE 87] is **DENIED**.  Their request for a protective order preventing their depositions is moot, and their request for attorney fees for preparing the Emergency Motion is denied.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 25th day of February, 2025.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE