**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 0:24-CV-60474-LEIBOWITZ/AUGUSTIN-BIRCH

**MIGUEL ANGEL LEON,** *et al.***,**

    **Plaintiffs,**

**v.**

**GRASS ROOTS COMPLETE LLC,** *et al.***,**

    **Defendants.**

_____/

**ORDER DENYING DEFENDANTS' MOTION FOR**
**RECONSIDERATION AND MOTION TO WITHDRAW OR AMEND ADMISSIONS**

This matter comes before the Court on Defendants Grass Roots Complete LLC and Daniel Goldstein's Motion for Reconsideration and Motion to Withdraw or Amend Admissions. DE 98. Plaintiffs Miguel Angel Leon, Eddie Leonard Simmons, Sammie Lee Smith, and Vern Allen Roper filed a Response, and Defendants filed a Reply. DE 100; DE 101.

Defendants seek reconsideration of an Order where the Court deemed Plaintiffs' Second Set of Requests for Admissions admitted due to Defendants' failure to timely respond to the Requests for Admissions. *See* DE 89 at 3–4. "Reconsideration is an extraordinary remedy to be employed sparingly." *Su v. Local 568, Transp. Workers Union of Am., AFL-CIO*, 699 F. Supp. 3d 1333, 1336 (S.D. Fla. 2023) (quotation marks omitted). "[A] party may move for reconsideration only when one of the following has occurred: an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice." *Produce Pay, Inc. v. Agrosale, Inc.*, 533 F. Supp. 3d 1140, 1147 (S.D. Fla. 2021) (quotation marks omitted). "[C]lear error or manifest injustice occurs where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties,

or has made an error not of reasoning but of apprehension." *Campero USA Corp. v. ADS Foodservice, LLC*, 916 F. Supp. 2d 1284, 1292–93 (S.D. Fla. 2012) (quotation marks omitted).

In moving for reconsideration, Defendants do not rely on any changed controlling law or new evidence, and they have not demonstrated clear error or manifest injustice. The Court granted Plaintiffs' motion to deem their Second Set of Requests for Admissions admitted for two reasons. First, Defendants did not even timely respond to that motion, despite the response deadline having been set at their counsel's request during a hearing at which their counsel was present. *See* DE 89 at 1. Defendants therefore forfeited a response and defaulted on the motion. *See id.*; S.D. Fla. L.R. 7.1(c)(1) (stating that failure to timely respond to a motion "may be deemed sufficient cause for granting the motion by default").

Second, as Plaintiffs had served their Second Set of Requests for Admissions on September 4, 2024, by the date of the Court's Order (February 25, 2025), Defendants' responses were long past due, and the February 4 discovery deadline had also passed. *See* DE 98 at 3–4; Fed. R. Civ. P. 36(a)(3) ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney.").

In essence, having the Second Set of Requests for Admissions deemed admitted is a consequence of Defendants' repeated failures to abide by deadlines in this case, failures that by now are well-documented in the record. The Court has not patently misunderstood Defendants, made a decision outside of the adversarial issues that the parties have presented to the Court, or made an error lacking in reasoning. *See Campero USA Corp.*, 916 F. Supp. 2d at 1292–93 (listing the instances in which clear error or manifest injustice occurs). Defendants have not presented a basis for the Court to reconsider its Order. Their Motion for Reconsideration is **DENIED**.

As an alternative to reconsideration, Defendants move to withdraw or amend their admissions.  A "court may permit withdrawal or amendment [of an admission] if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b).  When evaluating a motion to withdraw or amend admissions, a court applies a two-part test where it considers "whether the withdrawal will subserve the presentation of the merits" and "whether the withdrawal will prejudice the party who obtained the admissions in its presentation of the case." *Perez v. Mia.-Dade Cnty.*, 297 F.3d 1255, 1264 (11th Cir. 2022).  While the court has discretion in ruling on the motion to withdraw or amend admissions, that discretion must be exercised by using the two-part test. *Id.* at 1265.

For the purpose of ruling on Defendants' motion, the Court accepts that permitting them to withdraw or amend their admissions would promote the presentation of the merits of this case, and thus the first part of the test favors permitting withdrawal or amendment.  However, the second part of the test is not met because withdrawal or amendment would prejudice Plaintiffs in litigating the case on its merits.  As already stated, the discovery deadline has passed.  If the Court permitted Defendants to now provide responses to the Second Set of Requests for Admissions, Plaintiffs could not inquire into those responses with additional discovery requests or deposition questions due to discovery being closed.  *See id.* at 1266 (explaining that the prejudice contemplated under Rule 36(b) relates to the difficulty a party may face in proving its case because of the sudden need to obtain evidence with respect to questions that the admissions previously answered).  Defendants have not moved the Honorable David S. Leibowitz, United States District Judge, to extend the discovery deadline or any other deadlines in his Trial Order.  At this juncture, the parties must abide by the Trial Order and be preparing any pretrial motions to be filed by the April 21 deadline.

3

*See* DE 41 (Trial Order).  Because permitting Defendants to withdraw or amend their admissions would prejudice Plaintiffs, Defendants' Motion to Withdraw or Amend Admissions is **DENIED**.

Finally, in their Reply, Defendants ask to be allowed to depose Plaintiffs.  DE 101 at 4.  The Court will not consider that request because it is improperly made for the first time in the Reply.  *See PayCargo, LLC v. Galbreath*, No. 20-22885-Civ, 2021 WL 8895465, at *2 (S.D. Fla. June 15, 2021) (stating that "a reply in support of a motion is an inappropriate place to first raise a request for affirmative relief" (quotation marks omitted)); *Chiron Recovery Ctr., LLC v. United Healthcare Servs., Inc.*, 438 F. Supp. 3d 1346, 1351 (S.D. Fla. 2020) (explaining that "a party may not request new relief in a reply").  For the foregoing reasons, Defendants' Motion for Reconsideration and Motion to Withdraw or Amend Admissions [DE 98] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 28th day of March, 2025.

PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE