UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-CV-60474-LEIBOWITZ/AUGUSTIN-BIRCH

**MIGUEL ANGEL LEON**, *et al.*,

    Plaintiffs,

v.

**GRASS ROOTS COMPLETE LLC**, *et al.*,

    Defendants.

_____/

**REPORT AND RECOMMENDATION ON
JOINT MOTION TO APPROVE SETTLEMENT**

This cause comes before the Court on the parties' Joint Motion to Approve Settlement. DE 113. The Honorable David S. Leibowitz, United States District Judge, referred the Joint Motion to the undersigned United States Magistrate Judge for a report and recommendation. DE 114. The Court has carefully considered the Joint Motion, the supplement thereto [DE 118], and the record and is otherwise fully advised in the premises. The Court **RECOMMENDS** that the Joint Motion [DE 113] be **GRANTED**.

Plaintiffs Eddie Leonard Simmons, Sammie Lee Smith, and Vern Allen Roper sued Defendants Grass Roots Complete LLC and Daniel Goldstein for unpaid minimum and overtime wages under the Fair Labor Standards Act ("FLSA"). *Simons v. Grass Roots Complete LLC*, 0:24-cv-60723-DSL (S.D. Fla.). The Court consolidated those Plaintiffs' case into the instant case, where Plaintiff Miguel Angel Leon sued the same two Defendants for unpaid overtime wages under the FLSA. DE 1. The parties have now resolved all of the Plaintiffs' claims. Under the terms of the parties' Settlement Agreement, Plaintiff Leon will receive $5,000, Plaintiff Simmons

will receive $13,696.13, Plaintiff Smith will receive $35,653.49, and Plaintiff Roper will receive $11,250.37. DE 113-1 at 1. Half of each of these amounts is attributed to wages, and half is attributed to liquidated damages. *Id.* at 2. Plaintiffs' counsel will receive $54,400 for fees and costs. *Id.* at 1.

A settlement resolving an FLSA claim must either be presented to the Secretary of Labor or be scrutinized by a court for fairness. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982). In reviewing the fairness of a settlement of an FLSA claim, a court determines whether the settlement is a fair and reasonable resolution of a bona fide dispute. *Id.* at 1355. The court considers factors such as (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel. *Johnson v. Gonzo Mktg. Servs., LLC*, No. 21-60775-CIV, 2021 WL 8363200, at *2 (S.D. Fla. Oct. 20, 2021) (citing *Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994)).

The parties address the *Leverso* factors in their Joint Motion. DE 113 at 3–4. To summarize, the parties state that they are represented by counsel experienced in FLSA matters and that they reached the settlement through good-faith, arms-length negotiations without fraud or collusion. *Id.* They settled after exchanging written discovery. *Id.* at 3. They settled to avoid extended and costly litigation. *Id.* at 4. Counsel believe that the settlement is a fair and reasonable resolution of Plaintiffs' claims. *Id.*

The Court has considered the parties' arguments and has conducted its own review of the record. The Court developed familiarity with this case through a settlement conference and motion practice. The discovery period ended before the parties settled, and so the parties had available to

2

them the information to fully evaluate the strengths and weaknesses of the claims and defenses. The parties had the assistance of counsel in resolving this case, and the Court has no reason to suspect that the settlement is a product of fraud or collusion. The Court concludes that application of the *Leverso* factors to this case demonstrates that the settlement is a fair and reasonable resolution of a bona fide dispute.

The Settlement Agreement contains a mutual general release. DE 113-1 at 7–8. A general release seeks to release claims not asserted in the pleadings. *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1352 (M.D. Fla. 2010). Some courts decline to approve FLSA settlement agreements that contain general releases. *E.g., Vega v. Ya Guan USA LLC*, No. 19-24902-CIV, 2021 WL 8946186, at *2 (S.D. Fla. Aug. 24, 2021); *Moreno*, 729 F. Supp. 2d at 1352 ("Absent some knowledge of the value of the released claims, the fairness of the compromise remains indeterminate."). Here, the parties have received the advice of experienced FLSA counsel, and counsel believe that the settlement is fair and reasonable in its entirety. Under this circumstance, the Court concludes that the mutual general release is fair and reasonable.

A court must evaluate the reasonableness of any attorney's fees included as part of an FLSA settlement agreement "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under [the] settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). Plaintiffs' counsel will receive $54,400 for fees and costs under the settlement. DE 113-1 at 1. Counsel filed a copy of their billing statement for this case. DE 118-1. The billing statement reflects total costs of $3,707.25. *Id.* at 13. The billing statement further reflects total fees of $65.552 incurred for 180.7 hours of work, with Attorney Elliot Kozolchyk performing 113.3 hours of work and Attorney Dillon Cuthbertson performing 67.4 hours of work. *Id.*

The fee award will compensate counsel for $50,692.75 of the fees they contend they incurred. Accepting counsel's representation that they spent 180.7 hours working on this case, and considering that the Court has already awarded counsel $2,421.47 in fees for their work on this case, the fee award is in line with the hourly rates this Court has found reasonable for Attorneys Kozolchyk and Cuthbertson. *See* DE 89 at 5, 7. The Court concludes that the payment for Plaintiffs' counsel under the Settlement Agreement for fees and costs is reasonable.

The Court has reviewed the remaining clauses of the Settlement Agreement, which include various standard provisions. *See generally* DE 113-1. The Court concludes that the Settlement Agreement is fair and reasonable in its entirety.

Accordingly, the Court recommends that the Joint Motion to Approve Settlement [DE 113] be **GRANTED** and that the Settlement Agreement [DE 113-1] be **APPROVED**. The Court recommends that this case be **DISMISSED WITH PREJUDICE**. Per the parties' request, the Court recommends retention of jurisdiction to enforce the terms of the Settlement Agreement.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 3rd day of October, 2025.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE